IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL R. POPE, SR., ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-1689-B |
| | § | |
| MOUNTCASTLE MORTGAGE | § | |
| CORP., ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Mountcastle Mortgage Corporation ("Mountcastle") and its successor-in-interest,

Iberiabank Mortgage Company ("Iberia"),[1] have filed separate Rule 12(b)(6) motions to dismiss this

*pro se* civil action brought by plaintiffs arising out of a 1994 transaction involving certain real

property situated in Fort Worth, Texas. As best the court can decipher their complaint, plaintiffs

appear to accuse Mountcastle of fraud, racketeering, and violations of the federal Truth in Lending

Act, 15 U.S.C. § 1601, *et seq.* Otherwise, their 11-page complaint is a hodgepodge of unconnected

words and phrases. Illustrative of plaintiffs' allegations are the following paragraphs taken from page

three of the complaint:

> FOR THE VASSALEE'S-WRITTEN-VOLITIONS BY
> FRAUDULENT-DOCUMENTS **ARE** WITH THE PERFECT-
> PHYSICAL-EVIDENCE-DAMAGE-CLAIMS OF THE **'DEED OF
> TRUST'** WITH THE TITLE--42: D.-C.-C.-S.--1986 WITH THE
> KNOWLEDGE OF THE FRAUDULENT-DOCUMENT WITH THE
> FRAUD-CAPTURE-ORDER AGAINST THE CLAIMANT'S
> SURETY-VALUE.

---

[1] Iberia is not a party to this suit. Instead, it is appearing "out of an abundance of caution" for the limited purpose of filing a motion to dismiss. (*See* Iberia Mot. at 1).

> FOR THESE <u>CLAIMANTS'-DOCUMENTS</u> OF THE **<u>C.-S.-S.-C.-
> P.-S.-G.</u>** ARE WITH THE <u>NOW-TIME-FACTS</u> OF THE
> <u>POSITIONAL-LODIAL-FACT-PHRASES</u>, <u>LODIAL [(ARTICLE)]</u>
> AND: <u>VERBS: **IS=SINGULAR**</u>, AND: **<u>ARE=PLURAL</u>**, WITH
> THE <u>SINGLE-IDEA-CONTENT-SENTENCE</u> OF THE FACTS BY
> THE <u>CLAIMANTS'-DOCUMENT-CLOSURE-VOLITION</u>.

(*See* Plf. Compl. at 3) (emphasis in original). After these motions were filed, plaintiffs were given

the option of either amending their complaint to address the pleading deficiencies identified by the

movants, or filing a written response to the motions. *See* Order, 8/31/11. Plaintiffs failed to amend

their complaint or file a response by the September 20, 2011 deadline established by the court. The

court therefore considers the motions without a response.

A district court may dismiss a complaint for failure to state a claim "only if it appears that

no relief could be granted under any set of facts that could be proven consistent with the allegations."

*Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v.*

*Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795

(1991). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is

plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974,

167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief

above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937,

1949, 173 L.Ed.2d 868 (2009). Determining whether a complaint states a plausible claim for relief

is a "context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.*, 129 S.Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.*, *quoting* FED. R. CIV. P. 8(a)(2).

Plaintiffs do not present a logical set of facts to support any claim for relief. Instead, their complaint is a "hodgepodge of incoherent ramblings" that have no discernable basis in fact or law. *See Wortham v. Chris Hansen Lab, Inc.*, No. 3-10-CV-2079-P, 2010 WL 4924764 at *2 (N.D. Tex. Oct. 19, 2010), *rec. adopted*, 2010 WL 4924758 (N.D. Tex. Nov. 29, 2010), *citing Malveaux v. Brice, Linden, Vander & Wernick, P.C.*, No. 3-10-CV-0128-L, op. at 2 (N.D. Tex. Jun. 29, 2010). Dismissal is clearly warranted under these circumstances. *Id.*; *see also Perales v. Hedrick*, No. 3-01-CV-2634-L, 2002 WL 172592 at *2 (N.D. Tex. Jan. 31, 2002), *appeal dism'd*, No. 02-10218 (5th Cir. May 17, 2002) (dismissing *pro se* complaint that failed to present a logical set of facts to support any claim for relief).

## **RECOMMENDATION**

Mountcastle's Rule 12(b)(6) motion to dismiss [Doc. #5] should be granted. All claims against this defendant should be dismissed with prejudice. In view of the disposition of Mountcastle's motion, the motion to dismiss filed by Iberia [Doc. #6], an entity not sued by plaintiffs, should be denied as unnecessary.[2]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

---

[2] Another defendant, Victoria Mortgage Corporation ("Victoria"), has not been served with process or entered an appearance in this case. Although plaintiffs' current complaint fails to state a claim for relief against Victoria, the court is unable to summarily dismiss the complaint because plaintiffs have paid the statutory filing fee.

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  September 26, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE