IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL R. POPE, SR., ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-11-CV-1689-B |
| | § | |
| MOUNTCASTLE MORTGAGE CORP., ET AL. | § | |
| | § | |
| Defendants. | § | |

## ORDER

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered,

It is **ORDERED, ADJUDGED** and **DECREED** that:

1. Mountcastle's Rule 12(b)(6) Motion to Dismiss (doc. 5) is **GRANTED**. All claims against this Defendant are **DISMISSED with prejudice**.

2. The Motion to Dismiss filed by Iberia (doc. 6), an entity not sued by Plaintiffs, is **DENIED** as unnecessary.

3. So far as Plaintiff's Complaint against Defendant Victoria Mortgage Corporation, although not the subject of a motion to dismiss, the pleadings contain the same "hodgepodge of unconnected words and phrases" that Mountcastle challenges and that the Magistrate Judge recommends be dismissed. District Courts have the inherent authority to dismiss a *pro se* litigant's frivolous or malicious complaint *sua sponte* even when the plaintiff has paid the requiring filing fee. *Fitzgerald v. first East Seventh Street Tenants*, 221 F.3d 362, 363-64 (2d Cir. 2000); *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995); *Homan v. Wooten*, No. 4:09-1634-CWH, 2010 WL 691263, at *2 (D.S.C. Feb. 24, 2010); *Larrimore v. Bank of New York Mellon*,

No. 4:09-1647-TLW-TER, 2009 WL 4920776, at *2 (S.D.N.Y. Dec. 11, 2009); *McCracken v. Natale*, No. 04 Civ. 5456, 2008 WL 5274317 (E.D.N.Y. Dec. 17, 2008). The Supreme Court, while never having directly ruled on the matter, has also stated (albeit in dicta) that federal courts have the inherent power to dismiss frivolous lawsuits. *See Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-308 (1989) ("Statutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). Nonetheless, because the Plaintiff is a *pro se* litigant, the Court has liberally construed her pleadings and has attempted to discern a basis in law for relief. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, the Complaint appears, as described by Judge Kaplan, "a hodgepodge of incoherent ramblings." (citations omitted). For these reasons this case is **DISMISSED with prejudice** as to the named Defendants.

The Clerk shall transmit a true copy of this Order adopting the Findings and Recommendation of the United States Magistrate Judge to Plaintiff.

SO ORDERED.

SIGNED October 18, 2011

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE